## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4957-18T1

TAKEEMA REED,

    Plaintiff-Appellant,

v.

YESSENIA GROCERY STORE,
REBECCA GREEN,
REBECCA MATTHEWS,
FREDDY AZOORA, AND
LOLA PATTERSON,

    Defendants-Respondents.

_____

Submitted September 21, 2020 – Decided October 6, 2020

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2454-17.

Craig A. Altman, PC, attorneys (Craig A. Altman, on the brief).

Respondents have not filed a brief.

PER CURIAM

Plaintiff Takeema Reed appeals from the June 21, 2018 order of the Law Division dismissing her amended complaint after a proof hearing following default by defendants Yessenia Grocery Store (Yessenia) and its owner Freddy Azoora. We reverse and remand.

I.

The following facts are derived from the record. Plaintiff sustained injuries when she tripped and fell after stepping into a depressed area of a sidewalk while exiting Yessenia, a convenience store in Trenton. As a result of the fall, plaintiff suffered physical injuries to her foot.

Plaintiff filed a complaint in the Law Division against defendant Rebecca Green, the owner of the property, and Yessenia, her commercial tenant. Plaintiff alleged defendants violated their duty to maintain the sidewalk abutting the store in a reasonably safe condition. After discovering that Green had died, plaintiff filed an amended complaint naming Green's surviving daughters, Lola Patterson and Rebecca Matthews, and Freddy Azoora, the owner of Yessenia, as defendants. Default was entered against Yessenia and Azoora.[1]

---

[1] Default was also entered against Green and Patterson. Because plaintiff makes no argument with respect to the dismissal of her amended complaint against these defendants, we consider any such arguments to be waived. "[A]n issue not briefed is deemed waived." Pressler and Verniero, Current N.J. Court Rules,

The trial court thereafter held a proof hearing pursuant to Rule 4:43-2(b). Plaintiff testified that after patronizing Yessenia she left the store and stepped into a depression in the sidewalk directly in front of the door. She testified that half of the concrete sidewalk is sunken approximately two inches, creating a hole that caught her foot, causing it to be "bent over . . . in half[.]" Although plaintiff was able to stand, she needed assistance getting home because she could not put weight on her injured foot. The court admitted photographs of the sidewalk where plaintiff fell.

Plaintiff was treated at a hospital later that day. Diagnosed with a fracture, plaintiff wore a medical boot for two months. Plaintiff received therapy for a few months after the boot was removed and continues to feel pain, numbness, and other symptoms as a result of the injury. Her injury causes her pain at work, where she is required to stand for long periods of time.

The trial court issued an oral opinion, holding that

> [a] commercial landlord in New Jersey or an occupant
> has a duty to maintain the adjacent sidewalk in
> reasonably good condition regardless of the source of
> the danger and will be liable to a pedestrian injured as
> a result of [the] failure to perform such duty.

---

cmt. 5 on R. 2:6-2 (2020); Telebright Corp. v. Dir., Div. of Taxation, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief). At the proof hearing, plaintiff agreed to dismiss all claims against Matthews.

A-4957-18T1

> To hold a commercial defendant responsible for a negligent sidewalk maintenance however plaintiff must show the defendant had actual or constructive notice of the dangerous condition and failed to take corrective action within a reasonable time.

The court continued, "[i]n the instant action plaintiff has the burden of establishing by a preponderance of the evidence all of the elements and . . . all the facts necessary to prove the allegations."

The court found "[p]laintiff's testimony does not adequately address or demonstrate knowledge on the owner['s part] of the commercial property . . . with respect to the condition that she alleges cause[d] her injury."  In addition, the court found that "there's been no testimony with respect to the tenants of that property and whether or not they had any knowledge of the dangerous condition."  Finally, the court found that while "plaintiff is credible in her testimony, [it] cannot find based on the evidence submitted that this is the type of condition that the party should have known present[s] a danger . . . ."

Thus, the court concluded, "plaintiff has failed to establish by a preponderance of the evidence the elements necessary to hold the grocery store liable."  A June 21, 2018 order dismissing the complaint memorializes the court's conclusion.

A-4957-18T1

This appeal followed. Plaintiff argues the trial court applied the incorrect evidentiary standard and should have entered judgment against Yessenia and Azoora because plaintiff established a prima facie claim of premises liability. Plaintiff seeks a remand for a hearing limited to determining her damages.

II.

Following a defendant's default, the trial court has the discretion to order a proof hearing on liability where plaintiff seeks unliquidated damages. R. 4:43-2(b); Douglas v. Harris, 35 N.J. 270, 276 (1961). The determination of which evidentiary standard to apply is a legal question subject to de novo review. Manalapan Realty v. Twp. Comm., 104 N.J. 366, 378 (1995).

It has long been established that judgment may be denied after a defendant's default only where a court finds after a proof hearing that "some necessary element of plaintiff's prima facie case was missing or because plaintiff's claim was barred by some rule of law whose applicability was evident either from the pleadings or from the proofs presented." Heimbach v. Mueller, 229 N.J. Super. 17, 23-24 (App. Div. 1988) (footnote omitted). At a proof hearing, "the court should ordinarily apply the prima facie standard to plaintiff's proofs, thus not weighing evidence or finding facts but only determining bare

sufficiency." Kolczycki v. City of East Orange, 317 N.J. Super. 505, 514 (App. Div. 1999).

The trial court erred in applying the preponderance of the evidence standard to determine whether judgment should be entered in favor of plaintiff. The court should have limited its inquiry to whether plaintiff established a prima facie case of negligence against Yessenia and Azoora.

In order to establish a prima facie case of negligence a plaintiff must establish: (1) a duty of care; (2) breach of that duty; (3) proximate cause; and (4) damages. Filipowicz v. Diletto, 350 N.J. Super. 552, 558 (App. Div. 2002). "Commercial landowners are responsible for maintaining the public sidewalks abutting their property in a reasonably safe condition." Mirza v. Filmore Corp., 92 N.J. 390, 394 (1983). "Maintenance of the public sidewalk would be required where holes or broken sidewalk pieces or uplifted segments of the public sidewalk create unreasonable hazards." Ibid.

Having carefully reviewed the record, we conclude plaintiff established a prima facie claim of negligence against Yessenia and Azoora. Plaintiff established that defendants were commercial tenants operating a business which she patronized. They, therefore, had a duty to her to maintain the sidewalk abutting the store in a reasonably safe condition. Plaintiff also produced prima

6

facie evidence that: (1) she fell because of an uneven and dangerous sidewalk with a depression two inches deep immediately outside the door of the store; (2) the sidewalk defect was readily apparent; and (3) defendants would have been on constructive notice of the condition, which they failed to ameliorate. Plaintiff is therefore entitled to entry of judgment in her favor against defendants Yessenia and Azoora.

Reversed and remanded for entry of judgment in favor of plaintiff against defendants Yessenia and Azoora and for a hearing limited to determining plaintiff's damages. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                                                 A-4957-18T1