**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and hers use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4380-18T3

OAK TREE CASH & CARRY,
LLC,

     Plaintiff/Third-Party
     Defendant-Appellant,

v.

1630 OAK TREE, LLC,
SAM DOSHI, HINAXI DOSHI
and JASON DOSHI,

     Defendants/Third-Party
     Plaintiffs-Respondents,

and

HABIB AMERICAN BANK
and TRILOCKI BATRA,

     Third-Party Defendants,

and

CHIRAG BATRA,

     Third-Party Defendant-
     Appellant.

_____

Submitted October 1, 2020 – Decided  November 30, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-8125-12.

Law Offices of Susheela Verma, attorney for appellants (Nishi Patel and Susheela Verma, on the briefs).

Robbins and Robbins, LLP, attorney for respondents (Spencer B. Robbins, on the brief).

PER CURIAM

In our prior decision in this matter, Oak Tree Cash & Carry, LLC v. 1630 Oak Tree, LLC, we remanded for the trial court to conduct a proof hearing on the causes of action asserted in defendants/third-party plaintiffs 1630 Oak Tree LLC's (1630 Oak Tree), Sam Doshi's, Hinaxi Doshi's, and Jason Doshi's (collectively "defendants") third-party complaint against Chirag Batra (Batra), and to determine the appropriate disposition of $39,600 in escrow funds.  No. A-5463-14 (App. Div. Apr. 12, 2018) (slip op. at 29-31).  Following the proof hearing, the court entered an order finding plaintiff Oak Tree Cash & Carry, LLC (C&C) and Batra jointly and severally liable to defendants for compensatory and punitive damages and for attorney's fees.  The remand court did not directly decide the escrow funds issue.

C&C and Batra appeal from the order, claiming the court exceeded the scope of our remand order and made erroneous findings of fact and conclusions of law.

Based on our review of the record in light of the applicable legal principles, we reverse the court's order finding C&C and Batra liable and awarding defendants compensatory and punitive damages and attorney's fees. We remand for the court to consider and decide whether monies held in escrow pursuant to a prior trial court order should be returned to C&C or defendants.

I.

The facts pertinent to the causes of action asserted in defendants' third-party complaint against Batra are detailed in our prior opinion and need not be repeated at length here. See Oak Tree Cash & Carry, LLC, slip op. at 8-10. We restate the facts only to the extent required to provide context for our discussion of the issues raised on appeal.

C&C filed an action against defendants for possession of the property that 1630 Oak Tree purchased in July 2012 at a sheriff's sale ordered in a foreclosure proceeding. The foreclosure proceeding was brought by Habib American Bank (HAB) against the property's then-owner Om Namoh Shivoy, LLC (ONS). In its complaint against defendants, C&C alleged it was entitled to possession of the first floor and basement of a building on the property pursuant to a long-term lease with ONS. C&C also sought damages based on claims defendants wrongly deprived it of use of the property following their purchase of the property at the

sheriff's sale and damaged or converted C&C's personalty on the premises following the purchase.

Following the filing of C&C's complaint, the court entered an order allowing C&C's possession of the property pending the outcome of a hearing on its claimed entitlement to possession under the purported lease. The court later entered an order requiring that C&C make $3,300 monthly rent payments to 1630 Oak Tree and pay $39,600 "for unpaid base rent" for the eleven-month period prior to August 2012. The court ordered the $39,600 was to be held in defendants' counsel's escrow account pending further order of the court.

Defendants filed a counterclaim and third-party complaint.[1] In the four-count counterclaim against C&C, defendants alleged: they never entered into a lease with, or accepted an attornment from, C&C, and C&C maintained unlawful possession of the property and instituted a fraudulent lawsuit for possession based on a fraudulent lease (count one); C&C's lawsuit for possession was frivolous (count two); C&C's actions prevented defendants' use and occupancy of the property (count three); and C&C caused damage to the property during the pendency of its lawsuit (count four).

---

[1] The original third-party complaint was amended. We summarize the allegations in the amended third-party complaint.

In the third-party complaint, defendants asserted four claims against Batra that mirrored the claims they asserted against C&C in the counterclaim.[2] Defendants alleged: Batra is "the individual owner" of C&C, he executed a fraudulent lease to interfere with defendants' use of the property, he maintained unlawful possession of the property, and he instituted a "fraudulent lawsuit" for possession of the property (count two); Batra brought a frivolous lawsuit for possession of the property (count three); Batra's actions deprived defendants of use and occupancy of the property (count four); and Batra caused damage to the property during the pendency of C&C's lawsuit (count five).

Batra did not file a responsive pleading to the third-party complaint, and default was entered against him in June 2014. The court later denied Batra's motion to vacate default, entered a default judgment in defendants' favor against Batra, and ordered the scheduling of a proof hearing. The court subsequently denied Batra's motion for reconsideration.

---

[2] The third-party complaint included a cause of action (count one) against HAB. HAB financed the purchase of the property by its former owner, ONS, and, as noted, was the plaintiff in the foreclosure action that resulted in the sheriff's sale of the property to 1630 Oak Tree. In count one of the third-party complaint against HAB, defendants alleged that prior to the sheriff's sale HAB falsely represented there were no leases on the property. The disposition of count one of the third-party complaint against HAB is not at issue on appeal.

The Special Civil Part held a trial on plaintiff's cause of action for possession, and entered a May 2, 2013 order finding C&C's 2009 lease "was terminated by the [f]inal [j]udgment in [f]oreclosure," and that no "attornment [of the lease] was ever created between" HAB and C&C. The court also determined C&C "lost its right to possession of" the property and 1630 Oak Tree was entitled to possession. The court ordered C&C to vacate the property and remove its belongings within thirty days. C&C's damage claims and defendants' counterclaim and third-party complaint were transferred to the Civil Part for trial. The court's order did not make any provision for the disbursement of the $39,600 it previously directed be paid by C&C and held in escrow for back rent.

Following the parties' opening statements at the subsequent bench trial on the parties' respective damage claims, the court dismissed C&C's claims against defendants, defendants' counterclaims against C&C, and defendants' third-party claims against Batra. Defendants appealed from the dismissal of the counterclaims and third-party complaint, and C&C cross-appealed from the dismissal of its complaint. Batra appealed from the orders denying his motions to vacate default and for reconsideration.

We affirmed the court's dismissal of C&C's complaint against defendants. Oak Tree Cash & Carry, LLC, slip op. at 13-18. We also affirmed the dismissal of

the four causes of action in defendants' counterclaims against C&C. Id. at 18-25. We observed the "counterclaims alleged C&C instituted a fraudulent and frivolous lawsuit based on a non-existent, sham lease, which caused them damages and legal fees," id. at 18, and we concluded the representations in defendants' opening statement and in the proffers made to the court did not demonstrate defendants could "show[] [Batra] or C&C had acted in bad faith," id. at 25.

We rejected Batra's claim the court erred by denying his motions to vacate default and for reconsideration. Id. at 29. We explained the third-party complaint against Batra alleged he "executed 'a fraudulent lease' to interfere with defendants' possession of the [p]roperty, and that [Batra] instituted a fraudulent lawsuit against [defendants] based on 'a non-existent lease that was a sham.'"[3] Ibid.

We also observed Batra raised "procedural issues" for the first time on appeal. Id. at 30. More particularly, we noted Batra claimed he was not a party to the lawsuit C&C brought against defendants, and defendants did not name him in their Rule 1:4-8(b) demand for withdrawal of C&C's complaint. Ibid. We further found Batra did not offer any reason for his failure to raise the procedural issues in either

---

[3] The third-party complaint also named Batra's father, Trilocki Batra, as a defendant and asserted the same claims against him that were alleged against Batra. The claims against Trilocki Batra were dismissed without prejudice after he filed for bankruptcy. Id. at 3 n.1.

"a properly filed answer" or in his motions challenging the entry of default against him.  Ibid.

We found the court had failed to hold the proof hearing it had ordered when the default judgment was entered against Batra.  Ibid.  We remanded for the court to conduct a proof hearing on defendants' third-party claims against Batra.  Ibid. We explained we did not express any opinion on whether defendants' claims against Batra "replicate[d]" defendants' causes of action against C&C or whether the claims against Batra "implicate[d] the procedural issues" under Rule 1:4-8 that he raised for the first time on appeal.  Id. at 31.  Those issues were left to the remand court's discretion to consider either at the proof hearing or in a Rule 4:50-1(f) motion.  Ibid. We also directed that the remand court address whether the $39,600 being held in escrow, which the Special Civil Part judge ordered C&C to pay for back rent, should be disbursed to defendants or returned to C&C.  Ibid.

At the proof hearing held pursuant to our remand order, Jason Doshi testified as defendants' sole witness.  He explained 1630 Oak Tree was formed to purchase the property as the new location for a business he owned.  Shortly after 1630 Oak Tree purchased the property at the sheriff's sale, C&C filed the civil action for possession and damages against defendants.

A-4380-18T3

Jason Doshi explained C&C's civil claims were founded on an alleged lease that "[didn't] make sense" financially and was false. He testified the mortgage payment, taxes, and carrying costs for the property greatly exceeded the rent charged under the purported lease and, as a result, the lease was not financially feasible. He testified the law firm of Rajan & Rajan, LLP, first represented defendants in C&C's civil suit, and then the firm of Robbins & Robbins, LLP, represented defendants in the matter.

Jason Doshi also testified Batra filed criminal complaint-summonses alleging theft and criminal mischief offenses against him, Sam Doshi, and Hinaxi Doshi (collectively the "Doshis").[4] The complaint-summonses were later dismissed. Jason Doshi testified the Doshis retained Andrew Maze as their attorney to defend the criminal complaint-summonses Batra filed against them.

During the proof hearing, defendants voluntarily dismissed count five of the third-party complaint, which alleged C&C damaged the property while in possession during the pendency of C&C's lawsuit. Following the proof hearing, the

---

[4] The criminal complaint-summonses alleged that following 1630 Oak Tree's purchase of the property, the Doshis entered the premises leased by C&C and damaged and stole C&C's property.

 A-4380-18T3

court issued a written opinion on the three remaining claims against Batra—those contained in counts two, three, and four of the third-party complaint.

In its opinion, the court recognized our remand required a proof hearing "as to [Batra] only" on the causes of action against him in the third-party complaint. Nonetheless, the court found defendants were "entitled to judgment against C&C for legal fees incurred in defending against the suit for personal property and the criminal complaint" because "both" actions were "frivolous."

With regards to the three claims remaining against Batra, the court determined the third count of the complaint asserted a cause of action under the frivolous claims statute, N.J.S.A. 2A:15-59.1(b). The court dismissed the claim against Batra based on its finding defendants failed to provide the requisite notice of the claim pursuant to Rule 1:4-8.

The court construed the remaining counts of the third-party complaint—counts two and four—as asserting causes of action for common law fraud against Batra. The court then detailed a series of actions taken by Batra that the court determined constituted material misrepresentations made to defendants. For example, the court found Batra: sought to enforce a lease against defendants that "made no economic sense"; committed to pay a security deposit and rent to ONS and the rent receiver but failed to do so; claimed in C&C's lawsuit he did not

10

abandon the property "when he clearly had done so"; and argued defendants were bound to accept the "nominal rent" set forth in the purported lease. The court further found Batra made the misrepresentations to the Doshis "with the intent that they rely upon them."

The court also determined that although Batra's actions were taken on behalf of C&C, it was appropriate to pierce the corporate veil and hold Batra liable individually for his actions. The court found that "[w]hen fraud is committed in a corporate name by a person having the right to speak for the corporation for his personal gain and benefit, that person must answer personally for their wrongful acts." The court concluded that Batra's "fraudulent intent and bad faith have been shown by clear and convincing evidence" and that he is personally liable to defendants under counts two and four of the third-party complaint.

The court found C&C and Batra jointly and severally liable for $53,700 in damages for defendants' eight-month loss of possession of the property during the pendency of the civil lawsuit and for costs to restore the utilities following C&C's abandonment of the property.[5] The court also found C&C and Batra jointly and severally liable to defendants for punitive damages in the amount of $40,000.

---

[5] The court calculated the damages as follows: $48,000 for the loss of the use of the property based on damages of $6,000 per month for eight months; and $5,700 for the costs to restore the utilities.

The court found defendants were not entitled to an award of attorney's fees against Batra under Rule 4:42-9 for the services provided to them by Andrew Maze and Rajan & Rajan, LLP. The court, however, ordered that C&C pay defendants $10,000 for attorney's fees they previously paid for those counsels' services. The court apparently found defendants were entitled to recoup their attorney's fees from C&C under the frivolous claims statute, N.J.S.A. 2A:15-59.1(b).[6]

The court found the firm of Robbins & Robbins, LLP, was entitled to an attorney's fees award under Rule 4:42-9 because its actions resulted in the creation of a fund in court—the $39,600 the court ordered that C&C deposit in escrow for past due rent. See R. 4:42-9(a)(2) (allowing an award of attorney's fees, in the court's discretion, "[o]ut of a fund in court"). The court considered the affidavit of services provided, determined the reasonableness of the time entries, and determined the reasonable hourly rate for the services provided. The court

---

[6] The court did not make any findings directly supporting its award of $10,000 in attorney's fees for the services Andrew Maze and Rajan & Rajan, LLP, provided to defendants. In its finding C&C's claims against defendants were frivolous, the court stated defendants are entitled to a judgment for attorney's fees and that the "quantum of fees" would be addressed later in its opinion. However, other than finding defendants are entitled to "$10,000" in attorney's fees from C&C, the court did not detail its calculation of the amount of that fee.

12

determined the firm was entitled to $25,500 and found C&C and Batra jointly and severally liable for its payment.[7]

The court also directed the disbursement of the $39,600 in back rent the Special Civil Part had ordered to be held in escrow. The court directed the escrow funds should first be disbursed to satisfy the $25,500 in legal fees awarded to Robbins & Robbins, LLP, and then to satisfy $10,000 in legal fees awarded to Andrew Maze and Rajan & Rajan, LLP. The court ordered that the remaining balance of the escrow funds, $4,100, be applied to the $53,700 in damages owed to defendants, leaving a $49,600 balance owed to defendants for the compensatory damages awarded against C&C and Batra.[8]

---

[7] The court's opinion states, "$25,500 is awarded to [Robbins & Robbins, LLP] as a legal fee as against C&C and [Batra] . . . ." The court's order, however, provides only that the law firm "is awarded $25,500 for a legal fee" and does not specify which party must pay the fee.

[8] The court's opinion and corresponding order include a mathematical error. The court awarded $53,700 in compensatory damages to defendants. The court directed the disbursement of $25,500 in fees to Robbins & Robbins, LLP, and $10,000 to Andrew Maze and Rajan & Rajan, LLP, from the $39,600 in escrow funds. After payment of those fees, the balance in the escrow account that could be applied to satisfy the damages award is $4,100, not the $4,150 stated in the court's opinion and order, and the amount that remained due to defendants for compensatory damages was $49,600 and not the $49,550 stated in the order.

The court entered an order reflecting the decision set forth in its written opinion. The court subsequently denied C&C's and Batra's motion for reconsideration of the order. This appeal followed.

II.

C&C and Batra argue the court erred by exceeding the scope of our remand order. They contend the remand was limited to a determination of defendants' claims against Batra and that the remand court erred by admitting evidence against C&C, making determinations concerning C&C, and finding C&C liable for compensatory and punitive damages and attorney's fees. They also contend our remand required only a determination of defendants' frivolous litigation claim against Batra and that the court erred by considering and assessing damages on the other causes of action in the third-party complaint. Defendants assert the court complied with our order and properly awarded damages based on its findings.

A trial court is required to comply with an appellate court's directives and must, on remand, "obey the mandate of the appellate tribunal precisely as it is written," Triffin v. Automatic Data Processing, Inc., 411 N.J. Super. 292, 306 (App. Div. 2010) (quoting Tomaino v. Burman, 364 N.J. Super. 224, 233 (App. Div. 2003)), even if it disagrees with the appellate court's decision, Tomaino, 364 N.J. Super. at 233.

14

Our decision in Oak Tree Cash & Carry, LLC clearly stated the parameters of the remand. Slip op. at 30-31. We explained it did not appear that the court had held the proof hearing that was ordered when default was entered on defendants' third-party claims against Batra, and we remanded for the court to conduct that hearing. Id. at 30. We also directed that the court "address whether the escrowed funds should be released to C&C or defendants." Id. at 31.

As we plainly explained in our prior decision, we affirmed the dismissal with prejudice of defendants' claims against C&C. Id. at 3, 18-25. We did not remand for the court to revive or reconsider the claims, decide them, or award compensatory and punitive damages and attorney fees against C&C based on them. Indeed, it would have been illogical to affirm the dismissal with prejudice of defendants' claims against C&C following a trial and, in the same opinion, remand for the court to reconsider the claims against C&C at a proof hearing. The court exceeded the scope of our remand in finding C&C was liable to defendants and by awarding compensatory and punitive damages and attorney's fees against C&C. See Tomaino, 364 N.J. Super. at 233. We reverse the court's order finding C&C liable and awarding defendants damages, attorneys fees, and any other relief against C&C.

We are not persuaded by Batra's claim the court exceeded the scope of the remand by considering and deciding all the claims asserted by defendants against

him in the third-party complaint. Batra argues the remand was limited to a consideration of only defendants' frivolous litigation claim. He is incorrect because we expressly remanded for the proof hearing the court ordered when default was entered, Oak Tree Cash & Carry, LLC, slip op. at 30, and there was no limitation imposed on the scope of the proof hearing when the court first ordered it.

Additionally, in our prior decision we did not limit the scope of the proof hearing to a particular claim in defendants' third-party complaint. We stated we did not express an opinion as to whether the third-party complaint replicated defendants' complaint against C&C, id. at 31, but that statement did not limit our remand for a proof hearing based on Batra's default on the claims asserted in the third-party complaint. The court did not exceed the scope of our remand order by considering each of the causes of action asserted against Batra in the third-party complaint.

III.

As noted, the court dismissed count five of the third-party complaint against Batra, and defendants do not appeal from that dismissal. The court also dismissed count three, which it characterized as a frivolous litigation claim, see N.J.S.A. 2A:15-59.1(b), because defendants failed to serve Batra with the requisite Rule 1:4-8 notice. Defendants do not cross-appeal from the dismissal of count three. We

16

therefore consider Batra's argument the court erred by finding him liable under counts two and four of the third-party complaint.

"The scope of appellate review of a trial court's fact-finding function is limited." Cesare v. Cesare, 154 N.J. 394, 411 (1998). "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974). "Therefore, an appellate court should not disturb the 'factual findings and legal conclusions of the trial judge unless [it is] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Cesare, 154 N.J. at 412 (alteration in original) (quoting Rova Farms, 65 N.J. at 484). In contrast, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Here, we consider the court's determinations relating to a defaulting party. On remand, the court exercised its discretion and required that defendants present evidence establishing Batra's liability. See Douglas v. Harris, 35 N.J. 270, 276-77 (1961); Heimbach v. Mueller, 229 N.J. Super. 17, 21 (App. Div. 1988). "When a trial court exercises its discretion to require proof of liability as a prerequisite to

17

entering judgment against a defendant who has defaulted, what is required . . . is that the plaintiff adduce [a prima facie case.]" Heimbach, 229 N.J. Super. at 23. The court does not "weigh[] evidence or find[] facts," it determines only if the party prosecuting the claim has presented the "bare sufficiency" of proofs required to satisfy the "prima facie standard" for its claims. Kolczycki v. City of E. Orange, 317 N.J. Super. 505, 514 (App. Div. 1999). A court may properly dismiss a claim at a proof hearing where a party fails to present evidence establishing a prima facie case of liability against a defaulting party, or where the "claim [is] barred by some rule of law whose applicability was evident either from the pleadings or from the proofs presented." Heimbach, 229 N.J. Super. at 23-24.

The remand court interpreted the causes of action asserted in counts two and four of the third-party complaint as alleging common law fraud. Defendants do not challenge the court's interpretation of their pleading, and, in fact, they argue on appeal the evidence established a prima facie cause of action for common law fraud under counts two and four. Batra argues the court erred by finding him liable for common law fraud because counts two and four of the third-party complaint do not allege fraud with the requisite specificity, see R. 4:5-8(a), and defendants did not present evidence establishing a prima facie fraud claim. We therefore consider

whether the evidence presented at the proof hearing established a prima facie claim of common law fraud against Batra.

"To establish common-law fraud, a plaintiff must prove: '(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" Walid v. Yolanda for Irene Couture, Inc., 425 N.J. Super. 171, 180 (App. Div. 2012) (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 172-73 (2005)); see also Allstate N.J. Ins. Co. v. Lajara, 222 N.J. 129, 147 (2015). "Reliance is an essential element of common law fraud." Byrne v. Weichert Realtors, 290 N.J. Super. 126, 137 (App. Div. 1996) (citing Axelrod v. CBS Publ'ns Inc., 185 N.J. Super. 359, 372 (App. Div. 1982)). Consequently, "[w]ithout reasonable reliance on a material misrepresentation, an action in fraud must fail." Triffin v. Automatic Data Processing, Inc. (Triffin I), 394 N.J. Super. 237, 249 (App. Div. 2007).

The court's determination Batra is liable for common law fraud is premised on its finding Batra made false statements related to the property and lease. The court found Batra falsely informed ONS he would provide a security deposit and pay rent, falsely advised the rent receiver he would pay rent, and misrepresented to HAB there was no tenant in possession of the property. The court also found Batra

"committed to the [rent] receiver and to the court that he intended to continue to operate his market [on the property] when his conduct was tantamount to an abandonment." There is no evidence, however, Batra made any of those representations to defendants, and, as a result, defendants could not have, and did not, reasonably rely on them.

The remaining false statements the court found established the common law fraud claims consist of assertions and claims Batra made during the various litigations involving the property and defendants. The court found that in the civil litigation Batra "resisted the claim that he abandoned the premises when he clearly had done so" and that he asserted "he occupied the premises in 2011 when he last paid a water bill in June[] 2010." The court also found that in the criminal cases filed against the Doshis, Batra falsely claimed that personalty was owned by him and that the Doshis sold the personalty.

Those false statements do not support the common law fraud claims against Batra because defendants never relied on them. To the contrary, defendants contested Batra's false assertions during the various proceedings. See, e.g., Triffin I, 394 N.J. Super. at 249 (finding no reliance on the plaintiff's misrepresentation the defendant needed to pay him based on counterfeit checks when the defendant chose to litigate a claim rather than settle it).

In the court's otherwise detailed decision, it does not make any findings on the reasonable reliance element of a common law fraud claim, and with good reason. The record is bereft of evidence establishing defendants relied on any of the false statements the court found Batra made concerning the property and the lease. Without such evidence, defendants' common law fraud claim "must fail," ibid., and we are constrained to conclude the court erred by finding defendants sustained their burden of establishing a prima facie common law fraud claim against Batra. We therefore reverse the court's order finding Batra liable to defendants on those claims in the third-party complaint.[9]

The remand court's award of compensatory and punitive damages and attorney's fees to defendants is founded on its determination Batra is liable to defendants on the common law fraud claims contained in counts two and four of the third-party complaint. As a result, we also reverse the court's order awarding compensatory and punitive damages to defendants and requiring that Batra pay defendants' attorney's fees.

---

[9] Our determination renders it unnecessary to address Batra's claim the remand court should have dismissed counts two and four of the third-party complaint because they did not allege common law fraud with sufficient specificity, see R. 4:5-8, and his claim the court erred by piercing the corporate veil as a basis for finding him liable for the common law fraud claims. It is also unnecessary to address his arguments concerning the court's award of compensatory and punitive damages and attorney's fees.

A-4380-18T3

In our prior decision, we also remanded for the court to address whether the $39,600 held in escrow "should be released to C&C or defendants." Oak Tree Cash & Carry, LLC, slip op. at 31. The remand court did not address the issue directly. It did not make any findings of fact or conclusions of law supporting a determination whether the funds in escrow should be released to C&C or defendants. See R. 1:7-4. Instead, the court considered the escrow monies as a "fund in court" defendants "create[ed] and maintain[ed]," and it ordered the funds to be used to satisfy the attorney's fees awards and partially satisfy the compensatory damages award to defendants, as directed in its written opinion.

It might be argued the court's order requiring the escrow funds be used to satisfy the attorney's fees and compensatory damages the court found C&C obligated to pay reflects an implicit determination the funds should have otherwise been released to C&C. It would be illogical for the court to order that the escrow funds be used to satisfy C&C's obligations to defendants unless the court also determined the funds otherwise belonged to C&C. Due to the lack of any factual findings or conclusions of law on the issue, we cannot find and will not assume the court actually considered the issue or made such a determination. The court's allocation of the funds to pay C&C's obligations to defendants is just as easily

explained as an erroneous determination the escrow monies constituted a fund in court that simply should be paid to the prevailing party in the lawsuit.

The absence of any findings addressing the issue, and the parties' failure to address the issue in their briefs on appeal, permit only speculation as to whether the court actually considered and decided the issue, or decided it correctly or incorrectly. See, e.g., Gormley v. Gormley, 462 N.J. Super. 433, 449 (App. Div. 2019) (explaining "we must be provided with adequate reasons for the [court's] determinations" to conduct appropriate appellate review). We are therefore without an adequate record to determine whether the court actually considered and decided the issue we directed it to address on remand: whether the escrow funds should be released to C&C or defendants. See Oak Tree Cash & Carry, LLC, slip op. at 31. The court must determine based on the entirety of the record whether the $39,600 the court ordered on November 27, 2012, be deposited in escrow for back rent for the twelve months prior to August 2012 should be returned to C&C or disbursed to defendants.

We again remand for the court to address the issue in the first instance in accordance with our prior decision in this matter. See ibid.; see also Gormley, 462 N.J. Super. at 449 (explaining a trial court's "omission of critical factual findings, . . . impedes our review" and necessitates a remand (alteration in

23

original) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015))).

On remand, the court shall conduct such additional proceedings it deems necessary to address and decide the issue, and its decision shall be supported by findings of fact and conclusions of law. See R. 1:7-4. Nothing in this opinion shall be construed as a decision on the merits of the issue.

Reversed. The matter is remanded for the court to conduct further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION