**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4685-18

KYUNG OK SON,

    Plaintiff-Appellant,

v.

KAYA SUSHI RESTAURANT,
MONTAUK SEAFOOD, CO.,
INC.,

    Defendant-Respondent.

_____

Submitted March 2, 2021 – Decided May 19, 2021

Before Judges Moynihan and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6657-16.

Michael S. Kimm, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

    Plaintiff Kyung Ok Son became ill after eating a marinated raw crab dish

at Kaya Sushi Restaurant. Plaintiff alleged defendant Montauk Seafood Co.,

Inc. was among the entities that "engaged in sub-standard food sales, manufacturing, distribution, and/or handling practices and permitted contaminated food to be served to the general public in violation of the required food standards."

After plaintiff had settled with Kaya Sushi Restaurant and default had been entered against defendant, Judge Estela M. De La Cruz conducted a proof hearing regarding plaintiff's claim against defendant which the judge synopsized in her written decision: "[T]he product plaintiff consumed was detected to contain two separate organisms which were directly traceable to the raw crab meat. Plaintiff argues that the defaulted [defendant's] violation of the Products Liability Act[,] [(PLA)] N.J.S.A. 2A:58C-1 to -11[,] proximately caused plaintiff to suffer her injuries and damages."

The judge considered plaintiff's: testimony; amended complaint; request for default; medical expert's report, de bene esse video deposition testimony and concomitant transcript; and hospital medical records, and dismissed plaintiff's complaint with prejudice, concluding plaintiff failed to present any evidence of defendant's breach of any duty, statute or law to support entry of a judgment.

Plaintiff appeals from that order arguing reversal is required because, although the judge "seemed to have no problem with recognizing [defendant's]

liability under the PLA[,] [t]he problem is that [the judge] then committed a quantum leap by holding that, because plaintiff settled for an adequate sum of money, she should receive nothing from the defaulting defendant." The judge said no such thing, and we affirm substantially for the reasons Judge De La Cruz set forth in her cogent written decision.

The judge considered plaintiff's expert's opinion that plaintiff's illness was caused by two microorganisms that contaminated the crab meat, one of which had an incubation period that "could last as long as ten days." Judge De La Cruz found the expert "prominently refer[red]" to a sanitary inspection municipal health department inspectors had conducted at the restaurant some two weeks prior to plaintiff's hospitalization that "documented an environment conducive to transmitting the infectious agents to the host." The unsanitary conditions included inadequate hand-washing facilities in the toilet and food-preparation areas, food products maintained at improper temperatures and flies.

The judge further found the restaurant owner's deposition "revealed . . . he never worked in a kitchen[,] . . . the chef and his subordinates did not have food[-]safety[-]handling training" and the owner

> admitted he did not know what was required for cold storage temperatures and described his practice of purchasing live crabs in boxes and then freezing the live ones for three days. The crabs were washed with tap

A-4685-18

water of unknown temperature and put in low[-]salt soy sauce and placed in a refrigerator for two days before service to customers.

The judge also considered that the expert

noted as "particularly relevant to this case" that researchers found that [foodborne] infectious agents survive in raw ready-to-eat crab marinated in soy sauce [and] . . . that freezing the crab product for long periods of time is insufficient to exterminate any harmful organisms including E. coli and vibrio, which have been known to survive up to three months at frozen temperatures.

Judge De la Cruz recognized that a manufacturer or seller of a product is liable under the PLA if the plaintiff proves by a preponderance of the evidence "that the product was defective, that the defect existed when the product left the manufacturer's control, and that the defect proximately caused injuries to the plaintiff, a reasonably foreseeable or intended user." See Myrlak v. Port Auth. of N.Y. & N.J., 157 N.J. 84, 97 (1999). And the judge held plaintiff to the requirement that she prove causation. See Cruz-Mendez v. ISU/Ins. Servs. of San Francisco, 156 N.J. 556, 574 (1999).

After a careful review of the evidence, the judge concluded plaintiff had not met her burden:

There is no evidence presented in this record that shows the product was defective when it was distributed by [defendant] and under the control of [defendant]. There

4

is a complete absence of this evidence since the entire crux and heart of plaintiff's expert's opinion is that the food was contaminated as a result of the extremely unsanitary environment and habits of the host restaurant. There is no evidence in this record that the product was defective when it was distributed by [defendant]. There is simply no evidence to show that the product [defendant] delivered to Kaya Sushi Restaurant was defective. What the evidence does show is that the host restaurant, co-defendant Kaya Sushi Restaurant's, procedures and environment in food preparation was likely the cause of the contamination.

"New Jersey's salutary practice has been to allow the trial judge the discretion to require proof of liability at a default hearing." Heimbach v. Mueller, 229 N.J. Super. 17, 20-21 (App. Div. 1988); R. 4:43-2(b). Although a plaintiff is only required to "adduce proofs that the facts alleged 'might have been the case,'" Heimbach, 229 N.J. Super. at 23 (quoting Trans World Airlines v. Hughes, 449 F.2d 51, 64 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973)), denial of judgment for a plaintiff is appropriate if a "necessary element of plaintiff's prima facie case was missing," ibid. "[T]he question of what proofs are necessary is inherently within the judge's discretion." See Chakravarti v. Pegasus Consulting Grp., Inc., 393 N.J. Super. 203, 210 (App. Div. 2007). The record fully supports Judge De La Cruz's well-reasoned determination that plaintiff failed to proffer any evidence defendant distributed the contaminated crab.

A-4685-18

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4685-18