**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1356-20

SFI ADVISORS, LLC,

    Plaintiff-Appellant,

v.

THE LENNEY LAW FIRM, LLC,
and THOMAS M. LENNEY, ESQ.,

    Defendants-Respondents.

_____

> Submitted October 28, 2021 – Decided January 4, 2022
>
> Before Judges Alvarez and Mitterhoff.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7025-19.
>
> Asatrian Law Group, LLC, attorneys for appellant (Martin V. Asatrian, of counsel; Jeffrey Zajac, on the brief).
>
> Respondent has not filed a brief.

PER CURIAM

Plaintiff SFI Advisors, LLC (SFI) appeals from a December 31, 2020 order denying reconsideration of the trial judge's dismissal of its legal malpractice complaint against defendants The Lenney Law Firm, LLC and Thomas Lenney, Esq. The judge dismissed the case with prejudice after a proof hearing, finding the lack of expert evidence on the liability issue was fatal to SFI's professional malpractice claims. We affirm, substantially for the reasons set forth in Judge Estela M. De La Cruz's October 26, 2020 written decision.

Defendants represented SFI in the underlying lawsuit, in which a former employee sued SFI's investment management director Scott Smith for sexual harassment in violation of the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to 10:5-50. The complaint also asserted negligence and wrongful termination claims against SFI and SFI's managing director, John Sampers.

SFI retained defendants to represent all parties before the Equal Employment Opportunity Commission (EEOC) and in the litigation. (Represented by Lenney, the NJLAD case went to trial and the jury found all three defendants liable. The resulting judgment totaled $589,000, including compensatory damages, punitive damages, and attorney's fees. Post-judgment and pending appeal, SFI, represented by new counsel, settled all claims for

$400,000. After resolving the NJLAD case, SFI sued defendants for legal malpractice in their handling of the underlying suit.

Because defendants did not timely answer the complaint, on December 23, 2019, default was entered against both defendants pursuant to Rule 4:43-1. A two-day proof hearing was conducted on August 5, 2020, and October 14, 2020. Only Sampers testified at the hearing. Sampers stated that at the time of the events, he was a co-owner of SFI. He testified that defendants advised him that the plaintiff had made a demand of approximately $50,000 to settle. After discussing the demand with defendants, Sampers rejected it, and SFI never made any counteroffer to settle. According to Sampers, defendants viewed the case as having nuisance value and Lenney told Sampers, "you can either pay me to defend you or pay them to settle it." Sampers testified that defendants never fully advised him of the risks of going to verdict, and specifically never advised him that a judgment against SFI would entitle plaintiff to attorney's fees under N.J.S.A. 10:5-27.1. Sampers testified that if he had known about the risk of fee shifting, he would have settled.

Sampers voiced his lay opinion that, in hindsight, defendant Lenney was incompetent at trial, and lacked employment discrimination experience. Sampers indicated defendants never suggested that Scott, as the harasser, should

have retained separate counsel.  Sampers attributed the poor result to defendants'

inexperience and their failure to adequately prepare the clients for depositions

and trial testimony.  He testified that defendants' lack of preparation also caused

the underlying defendants to voluntarily dismiss a counterclaim, resulting in the

loss of a leverage point in negotiations.

Sampers identified the following exhibits, which were entered into

evidence at trial:

> Exhibit A - plaintiff's settlement amount totaling
> $400,000 with evidence of cancelled checks, bank
> statements, and bank levies.
>
> Exhibit B - cancelled checks and bank statements of all
> legal expenses associated with the underlying lawsuit
> including legal fees to the Lenney Law Firm, John
> Scura, and the Asatrian Law Group.
>
> Exhibit C - checks, bank statements, credit card receipts
> for transcripts, Veritext, and legal expenses related to
> the appeal and the underlying litigation.
>
> Exhibit F - Contingent Fee Agreement dated January
> 23, 2019 for the current litigation.
>
> Exhibit G – Wasserman's Affidavit of Merit (AOM).

The AOM attested as follows:

> I hereby state, pursuant to N.J.S.A. 2A:53A-27, that
> there exists a reasonable probability that the care, skill
> or knowledge exercised in the practice or work of the
> attorney(s) at law about which Plaintiff makes

4

complaint in the counterclaim, i.e. THE LENNEY LAW FIRM, LLC and THOMAS M. LENNEY, ESQ. fell outside acceptable professional standards of practice.

The AOM and Sampers' lay testimony were the only evidence presented as proof on the issue of liability.

On October 26, 2020, Judge De La Cruz denied plaintiff's request to enter default judgment and dismissed plaintiff's complaint with prejudice. The judge found plaintiff failed to present competent evidence of a breach of a duty by defendants. She found the lack of an expert opinion fatal to SFI's professional malpractice claims. Acknowledging that expert testimony "is not necessarily required in a legal malpractice case to establish an attorney's duty of care[,]" the judge reasoned that

> given the context, nature and distinctive stages involved . . . proofs required to establish a breach of duty in any of the levels accused must be more than with a one-line statement in an [AOM] and must be more than through plaintiff witness' lay opinions that the legal defendants were incompetent.

The judge recognized that the litigation was unopposed but found plaintiff's claims to be "so sweeping[] and encompass[ing such] a complex case that was litigated to verdict" that the claims "deserve[d], and indeed require[d], knowledgeable explanation through competent expert evidence." Therefore,

5

absent speculation, the judge was required to deny the request for default judgment and dismiss the complaint with prejudice.

On November 4, 2020, plaintiff filed a motion for reconsideration, which the judge denied by order dated December 31, 2020.

On appeal, plaintiff raises the following arguments for our consideration:

POINT I

BECAUSE THE PLAINTIFF PRODUCED A PRIMA FACIE CASE OF LEGAL MALPRACTICE AT THE PROOF HEARING, THE LAW DIVISION ERRED BY DENYING FINAL JUDGMENT ON THE BASIS OF AN ALLEGED FAILURE TO ESTABLISH LIABILITY.

A. The Testimony of John Sampers Provided Evidence of Professional Negligence by the Defendants.

B. The Defendants Were Negligent In the Underlying Proceeding by Simultaneously Representing Both the Employer and Scott Smith, the Employee Who Allegedly Engaged In the Sexual Discrimination.

POINT II

THE LAW DIVISION COMMITTED REVERSIBLE ERROR BY ADJOURNING THE PROOF HEARING AND REQUESTING FURTHER PROOF OF DAMAGES AND NOT THAT OF LIABILITY, AND THEN DENYING JUDGMENT BASED UPON A LACK OF LIABILITY.

We review the denial of a motion for reconsideration for an abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). "A motion for reconsideration is designed to seek review of an order based on the evidence before the court on the initial motion . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

For these reasons, reconsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Therefore, we have held that "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

Rule 4:43-2(b) provides in pertinent part:

> If, to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any allegation by evidence or to make an

7

investigation of any other matter, the court, on its own motion or at the request of a party on notice to the defaulting defendant or defendant's representative, may conduct such proof hearings with or without a jury or take such proceedings as it deems appropriate.

Pursuant to the Rule, the court can require plaintiff to prove "the right to relief." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.2.2 on R. 4:43-2(b) (2022). Thus, when required, a plaintiff must prove a prima facie case. Heimbach v. Mueller, 229 N.J. Super. 17, 20 (App. Div. 1988).

A prima facie case of legal malpractice has three elements: "(1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff." Jerista v. Murray, 185 N.J. 175, 190-91 (2005) (quoting McGrogan v. Till, 167 N.J. 414, 425 (2001)).

Expert testimony is not always required to establish a prima facie case of legal malpractice, especially if the issues are "within the grasp of common understanding." Brizak v. Needle, 239 N.J. Super. 415, 431 (App. Div. 1990). Expert testimony is, however, necessary when "the matter to be addressed is so esoteric that the average [fact-finder] could not form a valid judgment as to whether the conduct of the professional was reasonable." Sommers v.

8

McKinney, 287 N.J. Super. 1, 10 (App. Div. 1996). The court has cautioned "that a plaintiff's attorney who litigates a legal malpractice claim without the opinion testimony of a legal expert unnecessarily exposes his client to a serious risk of dismissal." Brizak, 239 N.J. Super. at 432.

Guided by these standards, we discern no abuse of discretion in the judge's denial of reconsideration. We agree with the judge that NJLAD claims are not so self-evident or simplistic as to allow a factfinder to conclude, without expert opinion, that an attorney's representation was negligent. Judge De La Cruz correctly determined that, given the complex nature of the underlying litigation and the scope of plaintiff's malpractice allegations, plaintiff should have proven its case with expert testimony on the applicable standard of care and the breach of that standard. We agree that Sampers' lay opinion regarding defendants incompetence is not enough to establish either duty or a breach. Sampers is an investment advisor, and nothing in the record suggests he has any legal expertise.

We also agree that Wasserman's AOM did not establish a breach of defendants' duty. Wasserman's AOM did not address how defendants deviated from a defined standard of care. Indeed, it is impossible to discern from the record whether plaintiff's central grievance–defendants' advice whether to settle

9

or proceed to trial–was reasonable under the unique facts of the case. Expert testimony on the elements of the NJLAD case and the proofs presented at trial was necessary to determine the propriety of defendants' settlement advice.

The judge also correctly found that the conflict of interest arising from defendants' representation of all SFI defendants, even if an ethical violation, did not suffice to prove negligence per se. An RPC violation alone is not enough to establish legal malpractice. See Baxt v. Liloia, 155 N.J. 190, 198-99 (1998). At a minimum, expert testimony concerning the element of causation would be required to evidence how the SFI defendants were harmed by the representation.

Plaintiff's argument that the judge, once she appreciated the deficiency of the proofs, should have interrupted the proof hearing and advised plaintiff that expert proof would be required is without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1356-20