92 N.J. Super. 457 (1966)
224 A.2d 23
BARBARA E. JOHNSON, PLAINTIFF-RESPONDENT,
v.
JOHN SEWARD JOHNSON, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1966.
Decided November 3, 1966.
*460 Before Judges CONFORD, FOLEY and LEONARD.
Mr. William I. Riker argued the cause for appellant (Messrs. Riker, Danzig, Scherer & Brown, attorneys).
Mr. Charles E. Villanueva argued the cause for respondent (Messrs. Van Riper & Belmont, attorneys).
The opinion of the court was delivered by LEONARD, J.A.D.
Defendant appeals from a judgment entered against him after a trial without jury, awarding *461 plaintiff damages of $43,352.56 with interest of $2,024. and a counsel fee of $5,000. He also appeals from an order entered in the same cause, prior to trial, striking his answer and permitting him only to cross-examine plaintiff's witnesses.

I
We treat with the latter point first. Plaintiff had served defendant, through his counsel, with a notice to take his deposition. Defendant, who was then out of the State, refused to appear for that purpose. At the hearing on the motion to strike the answer defense counsel admitted his client was "reluctant" to come to New Jersey. Beyond that, defendant has never offered any other explanation of his failure to appear. Under these circumstances we conclude that the order of the trial court was proper. R.R. 4:27-4, Interchemical Corp. v. Uncas Printing & Fin. Co., Inc., 39 N.J. Super. 318 (App. Div. 1956).

II
We next consider defendant's appeal from the judgment. The marriage of plaintiff and defendant had been terminated by divorce and in connection therewith certain settlement agreements were entered into by them. One of these recited that defendant "* * * hereby indemnifies against and agrees to hold his wife, Barbara E. Johnson, harmless from the following claim: * * *

* * * * * * * *
(4) Any and all loss or damage (including, without limitation, legal expense if legal services are incurred) arising out of any claims for goods or services furnished to John Seward Johnson, Jr., Barbara E. Johnson, or their households at 75 Cleveland Lane, Princeton, New Jersey, or in Nantucket prior to January 12, 1962." (Emphasis in original)
This action was predicated upon that agreement. At the trial plaintiff testified to a list of charges upon which she *462 sought recovery. These were divided into three categories; first, those represented by checks in payment of certain bills; second, those covered by unpaid bills; and third, items for which no bills were available. The court, in determining the amount of the liability, included all of these items (except for a few disallowed), those unpaid as well as those paid.
Our courts have recognized two distinct types of indemnity contracts: those which indemnify against "liability" and those which indemnify against "loss." North v. Joseph W. North & Son, 93 N.J.L. 438, 441 (E. & A. 1919). The instant agreement is in the latter category. Thus, proof of payment by plaintiff is a condition precedent to recovery from defendant. North, supra.; Westville Land Co. v. Handle, 112 N.J.L. 447 (Sup. Ct. 1933); Bernstein v. Palmer Chev. etc., Inc. v. Rex Sales Co., Inc., 86 N.J. Super. 117, 122 (App. Div. 1965).
Plaintiff argues that the surrounding circumstances indicate that the intent of the agreement was that defendant should himself pay all the bills incurred prior to the specified date, rather than that he should reimburse her after she paid them. To this there are two answers. Such surrounding circumstances are inadequately demonstrated in this narrow record. And second, the meaning which plaintiff seeks to attach to the written agreement is not one which the words used will fairly bear. See Garden State Plaza Corporation v. S.S. Kresge Company, 78 N.J. Super. 485 (App. Div. 1963), certification denied 40 N.J. 226 (1963). This is particularly so where legal terms of art, such as "indemnifies" and "hold harmless," have been used by the lawyers representing the parties in drawing the agreement. Therefore, we conclude that the trial court erred in including as a part of plaintiff's damages those bills for which payment was not proved.
However, since plaintiff is entitled to recover the amount of the bills which she actually paid, provided they are otherwise covered by the agreement as to type and date, we shall remand this matter to the trial court so that she may be given a full opportunity to present proof of those requisites.

*463 III
As we have heretofore noted, the court also allowed plaintiff's counsel a $5,000 fee for representing her in this cause. Defendant argues that the inclusion of this amount in the judgment was improper as there is "nothing in the indemnity agreement which would permit the allowance of such a fee."
Where a contract provides that in the event of its breach the aggrieved party may recover as part of his damages the reasonable attorney's expense incurred in enforcing his rights under the contract, that stipulation will be enforced by the courts. Cohen v. Fair Lawn Dairies, Inc., 86 N.J. Super. 206 (App. Div. 1965), affirmed 44 N.J. 450 (1965). But we do not find any such provision in the present indemnity agreement.
Conceding that in the agreement he agreed to pay "any and all damage or loss (including without limitation, legal expenses if legal services are incurred) arising out of any claims for goods or services etc.," defendant takes the position that the purport and intention of the language quoted was that he would be liable for such legal expense as plaintiff might incur in connection with suits brought against her for such goods or services. We agree. We do not construe the language to include payment of a fee to plaintiff's attorneys for services rendered in the prosecution of a suit upon the indemnity agreement itself. The parties could readily have provided therefor, but did not. Thus, we reverse that part of the judgment which allowed the $5,000 fee to plaintiff's present counsel.

IV
Defendant also argues that the court improperly allowed plaintiff, as a part of the judgment, reimbursement for $5,000 paid to Saul J. Zucker, Esq., plaintiff's attorney in the matrimonial proceeding. He contends that the services which are the basis of that bill were not rendered until after January 12, 1962, and therefore are not covered by the aforesaid *464 indemnity agreement. Plaintiff concedes that this attorney was engaged subsequent to the cut-off date fixed by the indemnity agreement, but asserts that she is not relying on the indemnity agreement for the establishment of this claim, but rather upon another agreement, i.e., an "Expression of Intention," wherein defendant agreed to pay all counsel fees in the matrimonial action, including those of Mr. Zucker. She asserts that the complaint filed in the present cause included, inter alia, liability upon the latter agreement. Our inspection of the pertinent pleading leads us to the conclusion that it was limited solely to a claim upon the indemnity agreement.
This circumstance is of more than ordinary significance since plaintiff was able to vest personal jurisdiction over defendant in this action solely by reason of a consent in the indemnity agreement that service upon defendant in any action to enforce that agreement might be made upon Donald B. Jones, Esq. in this State.
For the reasons stated, the part of the judgment allowing reimbursement for payment of the Zucker fee is also reversed. However, this is done without prejudice to the plaintiff's right to institute a proper action for collection of that item.

V
Plaintiff contends, finally, that since defendant's answer was stricken, he should not be permitted to appeal either the liability or damage phase of the judgment. We disagree. While a judgment by default ordinarily precludes a defendant from offering testimony in defense, it does not necessarily obviate the obligation of plaintiff to furnish proof on the issue of damages as well as liability.
It is well established that after default the court may conduct a hearing for the purpose of settling the amount of the final judgment and therein require plaintiff to prove his damages. Douglas v. Harris, 35 N.J. 270, 277 (1961). Likewise, the trial judge has the discretionary power to require plaintiff to prove the liability of defendant and to allow *465 cross-examination of plaintiff's witnesses produced for that purpose. Douglas, supra., at pp. 276 and 278.
Even though a defendant's answer is stricken for failure to make discovery, the plaintiff may be, as here, precluded from recovery where the proof which he offers in support of his own case reveals a legal defense to his claim. See Douglas, supra., p. 282.
In the present case the court mandated plaintiff "to prove her case before the court subject only to the right of cross-examination of counsel for defendant." Thus, the burden was upon plaintiff to prove her claim both as to liability and damages, and defendant had the right upon cross-examination not only to show that plaintiff's proofs failed in some instances to reveal obligations of the character fixed by the agreement but also that there was no liability under the express terms of the agreement in respect of items which plaintiff had not paid. The record clearly indicates that the hearing before the trial court proceeded upon this theory. Plaintiff neither appealed the court's order nor at any time objected to the exhaustive cross-examination of plaintiff.
Under the foregoing circumstances, we conclude that defendant has the right to appeal in order to raise any legal deficiencies inherent in plaintiff's proof of liability, as against the terms of the agreement sued on, which would bar recovery, and to challenge on that basis the amount of the judgment entered by the trial court.
In conclusion, the order striking defendant's answer is affirmed and the judgment is reversed and remanded for further proceeding in accordance herewith.
No costs to either party.