**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1856-15T2

BINA SHAH,

    Plaintiff-Appellant,

v.

MAGUIRE BURKE, INC.
REAL ESTATE AGENCY,

    Defendant-Respondent.

_____

        Argued May 2, 2017 — Decided September 19, 2017

        Before Judges Koblitz and Sumners.

        On appeal from Superior Court of New Jersey,
        Law Division, Mercer County, Docket No. L-837-
        13.

        Bina Shah, appellant, argued the cause pro se.

        Respondent has not filed a brief.

    The opinion of the court was delivered by

SUMNERS, J.A.D.

    Plaintiff Bina Shah appeals from the November 17, 2015 order

denying her motion for reconsideration of a June 3, 2015 order,

which denied her default judgment request for an unpaid commission

from defendant Maguire Burke Real Estate, Inc. Real Estate Agency.[1] We affirm.

Plaintiff was employed by defendant, a real estate broker, as a licensed real estate salesperson under a written employment contract. Plaintiff sued defendant alleging she was entitled to an additional commission of $80,000 from the sale of a banquet facility/liquor store (the property) that had occurred five years ago.[2] Default was subsequently entered against defendant when no answer to the complaint was filed.

In a June 3, 2015 order, the trial court denied plaintiff's unopposed pro se motion for entry of default judgment.[3]

---

[1] Plaintiff's notice of appeal seeks review only of the court's November 17, 2015 order denying her motion for reconsideration, not the June 3, 2015 order denying entry of default judgment. We could, therefore, limit our review to that order alone. See W.H. Industries, Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458 (App. Div. 2008); Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 461-62 (App. Div.), certif. denied, 174 N.J. 544, (2002). We choose to overlook that technical error and consider the merits of defendant's appeal because "the substantive issues in the case and the basis for the . . . judge's ruling [at motion to enter default judgment] and [the] reconsideration motion[] [were] the same." Fusco, supra, 349 N.J. Super. at 461.

[2] Her claim for "tortious interference with a contractual relationship and prospective economic advantage" is not the subject of appeal.

[3] Based upon the record provided, we assume that the court's ruling was on the papers without an oral or written opinion by the court.

Apparently, plaintiff did not present sufficient proofs because the order stated that she could file a motion for reconsideration or a motion to vacate the order, and such motion needed to provide:

> 1. The agreement which governs commissions allegedly due and owing to [p]laintiff;
>
> 2. A copy of the signed real estate contract;
>
> 3. A copy of the applicable statutes or administrative codes that govern [p]laintiff's affirmative claims;
>
> 4. A list of commission checks received by [p]laintiff; [and]
>
> 5. A written calculation of the real estate commissions which have been paid and which [p]laintiff claims are due and owing.

Plaintiff submitted a motion for reconsideration directly to the trial court, which the court directed her to file with the court clerk. Plaintiff was further directed to submit a written certification providing the amount of commission she was paid and the amount due. She complied, submitting a certification stating she was due $74,308 based upon a forty percent commission on defendant's gross five percent commission on the property's seven million dollar original contract purchase price. As with plaintiff's motion for default judgment, defendant submitted no opposition.

On November 17, 2015, the court entered an order denying plaintiff's reconsideration motion and rendered an oral opinion. The court determined that based upon an addendum to the contract of sale executed by the seller, buyer, and defendant, the purchase price was reduced to $6.7 million and the commission was reduced to $200,000. The court noted that, according to the real estate closing statement, the property actually sold for only $6,550,000, but defendant was still paid a $200,000 commission.

The court found no merit to plaintiff's contention that she was entitled to an additional commission due to a buyer she produced who executed a letter of intent to purchase the property for $7.4 million, because a contract was not executed for that amount.

After plaintiff appealed, the trial court submitted a written amplification of its decision. R. 2:5-1(b). Based upon plaintiff's submission, the court found that, shortly following the property's October 8, 2008 closing, she received $43,750, a twenty-five percent commission based upon the following calculation:

| | |
|---|---|
| Sales Price | $6,550,000 |
| Defendant's %5 base commission | $200,000 |
| Less fee to P. Ryan Consulting, LLC | $25,000 |
| Balance | $175,000 |

|  |  |
|---|---|
| 25% commission | $43,750 |
| Less advance | $4,308 |
| Paid to plaintiff after closing | $39,442 |

Sometime after the sale, plaintiff received an additional commission check from defendant in the amount of $26,250.[4] The court therefore found that plaintiff received a total commission of $70,000 from the property sale, forty percent of $175,000.[5]

Plaintiff argues that defendant's $25,000 payment to P. Ryan Consulting violates <u>N.J.S.A.</u> 45:15-3, and the payment of her additional $26,250 commission was untimely under <u>N.J.S.A.</u> 45:15-3.1.

In accordance with <u>Rule</u> 4:43-2(b), a plaintiff may be granted a judgment by default upon application to the court where a default has been properly entered against a defendant. The rule gives the court authority to "determine the amount of damages" through a proof hearing "as it deems appropriate." <u>Ibid.</u> A plaintiff is

---

[4] It is unclear from the record when the check was received. According to plaintiff's certification dated November 24, 2014, she received the check seven weeks after the closing. However, almost ten months later, she submitted another certification that the additional commission check was received two-and-a-half weeks after the closing. The certification included an exhibit of a check stub with defendant's name and the following type: "10/27/2008," "Bina Shah," "$26,250," and "Cedar Gardens — CZ Patel." Cedar Gardens is the name of the property.

[5] $4308 advance, plus $39,442, plus $26,250.

also required "to furnish proof [as to] liability." Johnson v. Johnson, 92 N.J. Super. 457, 464 (App. Div. 1966); accord Slowinski v. Valley Nat'l Bank, 264 N.J. Super. 172, 183 (App. Div. 1993). "[T]he question of what proofs are necessary is inherently within the judge's discretion." Chakravarti v. Pegasus Consulting Grp., Inc., 393 N.J. Super. 203, 210 (App. Div. 2007). The trial court is obliged to view a plaintiff's proofs indulgently, and the general practice is "to require only a prima facie case." Heimbach v. Mueller, 229 N.J. Super. 17, 20 (App. Div. 1988); see also Pressler & Verniero, Current N.J. Court Rules, comment 2.2.2 on R. 4:43-2 (2016).

We have also determined that we will not disturb a judge's denial of a motion for reconsideration absent an abuse of discretion. See Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010). Plaintiff has not demonstrated such an abuse of discretion.

We conclude plaintiff has failed to establish that N.J.S.A. 45:15-3.1 applies. The statute prohibits a broker from paying a referral fee or commission to a person not licensed in New Jersey unless the person "is a licensed real estate broker of another jurisdiction in which the licensed broker maintains a bona fide office." Ibid. Plaintiff's mere assertion that P. Ryan Consulting, which was paid $25,000 from the commission received by defendant,

is not a New Jersey licensed real estate broker based upon purported print-out records of the State of New Jersey, Department of Banking and Insurance, is insufficient. There is no authentication of the documents, N.J.R.E. 901, and the documents were not self-authenticating. N.J.R.E. 902. Moreover, even if the documents were considered, they fail to establish that P. Ryan Consulting was not a licensed real estate broker in New Jersey or in any state when it received the fee.

Plaintiff's remaining argument concerning the timing of her commission lacks sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION