**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0791-22

JAN DASHER,

     Plaintiff-Appellant,

v.

UNITED AIRLINES, RICK
HOEFLING, KELLY TOLBERT,
GEORGE HENDY,

     Defendants-Respondents,

and

R.D.,[1]

     Defendant.

_____

        Submitted February 5, 2024 – Decided March 6, 2024

        Before Judges DeAlmeida and Berdote Byrne.

        On appeal from the Superior Court of New Jersey,
        Law Division, Essex County, Docket No. L-4151-18.

---

[1] We use initials and pseudonyms to protect the confidentiality of the alleged rape victim in these proceedings.

Luretha M. Stribling, attorney for appellant.

Buchanan Ingersoll & Rooney, PC, attorneys for respondents (Michael D. Hall, of counsel and on the brief; Leonard V. Jones, on the brief).

PER CURIAM

Plaintiff, Jan Dasher, appeals from the trial court's award of summary judgment in favor of defendants United Airlines, Inc. (United), Rick Hoefling, Kelly Tolbert, and George Hendy, and from the trial court's dismissal of his complaint against R. D. after a proof hearing.

We affirm for the reasons expressed in the well-reasoned, twenty-five-page, written opinion of the Honorable Mayra V. Tarantino. We add the following comments.

United produced sufficient evidence of its race neutral justification for its decision to terminate plaintiff, and plaintiff failed to demonstrate a disputed material issue precluding summary judgment. As aptly detailed by Judge Tarantino, plaintiff maintained a sexual relationship with R.D., his subordinate, without reporting the relationship to United as required by United's Code of Ethics and Business Conduct (Code of Ethics). When questioned about the relationship, he prevaricated, in contravention of United's Working Together Guidelines (WTG). After United obtained definitive proof of the relationship,

2

including sexually explicit text messages and videos between plaintiff and R.D., he prevaricated again during United's investigation of R. D.'s allegations. Later, while internally appealing the decision to terminate him, plaintiff admitted in writing he acted inappropriately and United had a valid basis for his termination.

Plaintiff, who is Black, alleges United's justification for his termination was a pretext for race discrimination because non-minority supervisors who maintained sexual relationships with subordinates were not terminated, but he failed to offer any evidence to support that allegation. And, although plaintiff now vehemently denies having been R.D.'s supervisor, he testified to the contrary during his deposition. We need not credit a "sham affidavit" when it is proffered solely to preclude summary judgment in the movant's favor. Metro Mktg., LLC v. Nationwide Vehicle Assurance, Inc., 472 N.J. Super. 132, 148 (App. Div. 2022) (quoting Shelcusky v. Garjulio, 172 N.J. 185, 194 (2002)). Plaintiff's affidavit does not provide a reasonable explanation for the contradiction and fails to clarify any existing confusion from his deposition; it serves only to patently contradict his prior deposition testimony and was properly disregarded by the trial court. Id. at 149 (quoting Shelcusky, 172 N.J. at 201-02).

A-0791-22

Similarly, plaintiff's claim that he was transferred from the bag room to the Transfer of Bags (TOB) area because of his race is belied by the record. The employee responsible for plaintiff's transfer is Black. Three of the four employees that plaintiff identified in his complaint as never having been transferred are also Black. Defendants testified managers and the entire leadership team were directed to be proficient in different work areas for succession and planning purposes. Plaintiff acknowledged the benefit of this practice. He also confirmed there was no monetary or hourly discrepancy between a bag room and a TOB area assignment. Plaintiff testified he previously worked in the TOB area as a supervisor, undermining his claim that the practice was unusual. Although plaintiff claims the transfer was a demotion because there were fewer employees to supervise and other employees viewed the TOB area as a demotion, plaintiff produced no evidence to support this allegation, other than his own opinion.

In sum, there is no evidence defendants acted with discriminatory intent, and hence, no evidence United's legitimate reason for terminating plaintiff was pretextual. In a disparate treatment claim, as plaintiff raises here, we utilize the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Henry v. N.J. Dep't of Hum. Servs., 204 N.J. 320, 330

4

A-0791-22

(2010).  Pursuant to the McDonnell Douglas analysis, a plaintiff must present a prima facie case of discrimination.  If demonstrated, the burden shifts to the defendant to proffer a legitimate, non-discriminatory reason for the action complained of and, if this burden of production is satisfied, the burden reverts to the plaintiff to prove defendant's reason was pretextual.  Id. at 31 (quoting Dixon v. Rutgers, The State Univ. of N.J., 110 N.J. 432, 442 (1988)).  At the second stage, although there is an inference of discrimination, Zive v. Stanley Roberts, Inc., 182 N.J. 436, 449 (2005), the burden on the employer is "relatively light," Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994); see A.D.P. v. ExxonMobil Rsch. & Eng'g Co., 428 N.J. Super. 518, 535 (App. Div. 2012) (noting the McDonnell Douglas framework shifts the burden of production, not the burden of persuasion, to the defendant).  As noted by Judge Tarantino, there is ample evidence in the record to support United's legitimate, non-discriminatory reason for terminating plaintiff.  Plaintiff's termination letter stated plaintiff was terminated because of his violations of United's Code of Ethics and WTG.  Hoefling, Hendy, and Tolbert each provided the same explanation for plaintiff's termination in their depositions.

Plaintiff was terminated for disregarding the Code of Ethics by failing to disclose his relationship with R.D. and violating multiple expectations in the

WTG when he prevaricated about the relationship and the videos and texts in the subsequent investigation.

Plaintiff also claims the trial court erred by dismissing his claims against R.D. after a proof hearing. R.D. failed to answer the complaint and default judgment was entered against her. Where a defendant has defaulted, a court must nevertheless hold a proof hearing and a plaintiff must establish his claims. R. 4:43-2; see also Chakravarti v. Pegasus Consulting Grp., Inc., 393 N.J. Super. 203, 210 (App. Div. 2007) ("Judgment should not be entered without a proof hearing . . . ."). Although, in the context of a proof hearing "trial courts have been directed to view a plaintiff's proofs 'indulgently,'" Heimbach v. Mueller, 229 N.J. Super. 17, 20 (App. Div. 1988), a plaintiff may be held to the burden of establishing liability as well as damages, despite defendant's default, see Johnson v. Johnson, 92 N.J. Super. 457, 465 (App. Div. 1966) (explaining "[e]ven though a defendant's answer is stricken for failure to make discovery, the plaintiff may be . . . precluded from recovery where the proof which he offers in support of his own case reveals a legal defense to his claim").

The trial court correctly dismissed plaintiff's NJLAD claims against R.D. despite entry of the default judgment. Plaintiff was collaterally estopped from relitigating those issues at the proof hearing. Summary judgment, unlike a

6

default judgment, is a judgment on the merits and given preclusive effect. See Adelman v. BSI Fin. Servs., Inc., 453 N.J. Super. 31, 40 (App. Div. 2018) (first quoting Slowinski v. Valley Nat'l Bank, 264 N.J. Super. 172, 183 (App. Div. 1993); and then quoting Allesandra v. Gross, 187 N.J. Super. 96, 106 (App. Div. 1982)). Plaintiff's NJLAD claims against defendants were identical to the claims he asserted against R.D., were litigated during defendants' motion for summary judgment, decided on the merits, and plaintiff was a party to the summary judgment proceedings. Ibid. (quoting Allen v. V & A Bros., Inc., 208 N.J. 114, 137 (2011)).

Lastly, the trial court did not err in failing to award any damages in plaintiff's defamation claim against R.D. Plaintiff was not terminated because of R.D.'s allegation of rape or sexual assault. Rather, he was terminated for violations of United's Code of Ethics and WTG. Plaintiff failed to show his specific economic or pecuniary loss – termination of his employment – stemmed from R.D.'s statement and thus no damages are available to him. Plaintiff's testimony at the proof hearing did not establish his reputation or standing in the community was impaired. Although plaintiff testified other United employees heard R.D.'s allegation, he failed to present any evidence his reputation or standing among those employees was adversely affected.

A-0791-22

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0791-22