**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1316-22

IN THE MATTER OF THE
ESTATE OF FRANK P.
LAGANO, a/k/a FRANK P.
LAGANO, SR., deceased.

_____

Argued December 10, 2025 – Decided February 27, 2026

Before Judges Currier, Berdote Byrne, and Jablonski.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. P-000022-21.

Geoffrey D. Mueller argued the cause for appellant Frank Lagano, Jr. (Law Offices of Geoffrey D. Mueller, LLC, attorneys; Geoffrey D. Mueller and Peter E. Mueller, of counsel and on the briefs).

John K. Walsh, Jr., argued the cause for respondent Anthony Trobiano, individually, and as Assignee and as Trustee of the Anthony Trobiano Trust (Walsh & Walsh, LLC, attorneys; John K. Walsh, Jr., of counsel and on the brief; Kathryn L. Walsh, on the brief).

PER CURIAM

This appeal arises from alleged loans made by petitioner Anthony Trobiano to decedent Frank P. Lagano Sr. shortly before his death. Frank Lagano Jr.[1] (Lagano) appeals the trial court's November 18, 2022 order striking his pleadings; entering default against the Estate of Frank P. Lagano Sr. (the Estate) and him as the Estate's substitute administrator on Counts I to V; entering default against him individually and as the substitute administrator on Count VI; and entering default judgment against beneficiaries Corrine M. Lagano and Anne C. Lagano, his sisters. Lagano also appeals a March 10, 2023 order awarding petitioner counsel fees and costs, and an August 1, 2023 order finding he violated litigant's rights by failing to comply with an information subpoena, ordering him to pay petitioner's counsel fees and costs relating to petitioner's motion to enforce litigants' rights, and directing him to post a supersedeas bond in the amount of $274,659.89.

On appeal, Lagano raises five arguments: (1) the trial court improperly struck his answer and entered default judgment against him; (2) the trial court erred in entering default because there are meritorious defenses against the

---

[1] Before retaining counsel in May 2022, Lagano, who is a licensed attorney and the Estate's substitute administrator, represented the Estate and himself as the substitute administrator. A licensed attorney may act as both the fiduciary of an Estate and its attorney. See N.J.S.A. 3B:18-6, 18-8(a).

claims made in petitioner's complaint; (3) the trial court erred in entering default because issue preclusion barred petitioner from raising Counts I to V of his complaint against Lagano in his individual capacity; (4) the trial court lacked jurisdiction and improperly entered default judgment against out-of-state heirs, his sisters, Corrine and Anne; and (5) the trial court erred in granting petitioner's application for counsel fees and costs.

After careful review, we affirm the trial court's order of November 18, 2022. We vacate the March 10, 2023 order awarding attorneys' fees and remand for findings of fact and conclusions of law with respect to the counsel fee.

I.

This case is part of a tortured litigation history. See Est. of Frank P. Lagano v. Bergen Cnty. Prosecutor's Off., No. A-1207-22 (App. Div. Aug. 26, 2024). The following facts pertinent to this appeal are gleaned from the expansive record. On April 25, 2006, petitioner issued a check for $125,000 to decedent from the Anthony Trobiano Trust, a business trust that lends money for a profit to individuals and businesses as a mortgagee, finances, holds and invests in various real estate properties, and invests in stock securities in privately held companies. Two days later, Tracy Trobiano, petitioner's

3

daughter, issued decedent another check for $62,500. Both checks included the same South Hackensack address and "Loan" on the memo line.

Petitioner alleged "the purpose of issuing the checks was for both he and [d]ecedent to purchase shares of stock" in World Waste Technologies, Inc. ("WWT") and he loaned decedent the total amount of $187,500 so decedent could purchase stock in this company. Petitioner asserts the terms of the loan consisted of the following: decedent initially agreed to repay petitioner within six months of the date he purchased the stocks, May 25, 2006, but ten days before decedent was killed, he agreed to repay petitioner once he sold the stock.

On April 12, 2007, decedent died intestate. On May 10, 2007, Lagano filed an affidavit with the Bergen County Surrogate outlining decedent's assets and liabilities discovered to date, which included all the debts known at the time of its filing and affirmed that Lagano or decedent's wife were not aware of any additional creditors or debts against decedent other than the ones listed in the affidavit. Decedent's debt to petitioner was not included.

Petitioner certified he first mentioned the $187,500 debt to Lagano approximately "six or eight months after" decedent passed away. Decedent was

A-1316-22

survived by his wife Frances[2] and their children, Corrine, Anne, and Lagano. On May 21, 2007, Frances was appointed administratrix of decedent's estate. In July 2008, after more than nine months had passed and the Estate did not receive any formal notices of creditors' claims against it pursuant to N.J.S.A. 3B:22-4, Frances and the Estate's attorney submitted federal and State estate tax returns. On January 28, 2009, Frances received notice from the Internal Revenue Service that she had inherited all the WWT stock owned by decedent.

On July 29, 2011, Frances passed away. After his mother's death, Lagano requested he be appointed substitute administrator of his father's Estate.

Between July 2011 and April 2014, Lagano and petitioner were not in contact. Petitioner testified Lagano notified him of the sale of the stock, and Lagano told him he would pay him when they met in April 2014. However, Lagano did not pay him at their meeting in April 2014 and the week after their encounter, Lagano "disappeared" and no longer answered phone calls. Then in "late 2015," petitioner sent Lagano a letter regarding the amount owed by decedent.

---

[2] We use first names as the parties share a common surname. We intend no disrespect.

A-1316-22

On August 1, 2018, Tracy Trobiano assigned her claim to petitioner. On August 15, petitioner issued a letter to the Estate requesting repayment of the two loans made to decedent, and the Estate responded by denying petitioner's claims. Petitioner filed a complaint against Lagano, individually, and in his capacity as the substitute administrator of the Estate on October 11, 2018. Petitioner's complaint contended decedent failed to repay the $187,500 in loans made to him and raised six counts. In response, on February 6, 2019, Lagano removed petitioner's complaint to federal court based upon diversity jurisdiction.

Lagano moved to dismiss petitioner's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on December 17, 2019. On June 23, 2020, the district court dismissed without prejudice Counts I to V of petitioner's complaint against Lagano as the substitute administrator, dismissed with prejudice Counts I to V of the complaint against Lagano individually, and dismissed without prejudice Count VI of the complaint against Lagano individually.

Petitioner filed a formal notice of a belated creditor claim with the Surrogate pursuant to N.J.S.A. 3B:22-10 on July 9, 2020. On July 10, 2020, petitioner filed a verified complaint and order to show cause with the Probate Part. Lagano again moved to remove the matter to federal court based on

6

diversity jurisdiction, and in response, petitioner moved to remand. On November 25, 2020, a federal magistrate judge issued a recommendation, concluding the probate exception to diversity jurisdiction applied. Lagano objected to the second magistrate judge's recommendation.

On January 12, 2021, petitioner filed a second verified complaint and order to show cause with the Probate Part, which is the complaint before us on appeal. In this complaint petitioner raised six counts: Count I, "money lent"; Count II, "money had and received"; Count III, "breach of contract"; Count IV, "breach of implied contract"; Count V, "unjust enrichment"; and Count VI, N.J.S.A. 3B:22-40. Counts I to V sought judgment against the Estate and Lagano as the substitute administrator of the Estate. Count VI demanded judgment against the Estate and Lagano as the substitute administrator as well as Lagano, Anne and Corrine jointly and severally as beneficiaries.

On March 8, 2021, the Probate Part dismissed petitioner's complaint without prejudice because of the ongoing proceeding in federal court, with the instruction that it could be refiled if the second magistrate judge's recommendation was approved by the federal district court judge. On April 9, 2021, the district court judge adopted the second magistrate judge's recommendation finding the probate exception to diversity jurisdiction applied

7

and accordingly remanded the matter to the Superior Court.  Petitioner's second verified complaint was reinstated by the Probate Part on April 20, 2021.

Lagano then filed a motion to dismiss petitioner's complaint, or alternatively, for summary judgment.  Lagano relied upon the moving papers but in addition raised the following points at oral argument:  the statute of limitations barred petitioner's claims; the loans violated the statute of frauds; the Dead Man's Act applied; and "lack of personal jurisdiction against the interested persons . . . including [Lagano] as an alleged heir, and [N.J.S.A. 3B:22-41] specifically states the heir must be a resident and located in the State of New Jersey."  The Probate Part denied Lagano's motion without prejudice.  Lagano did not appeal that order.

After being instructed by the trial court to file a responsive pleading, Lagano filed an answer to Counts I to VI of petitioner's complaint, "but only in his capacity as substitute administrator."  He never filed an answer to the complaint for any claims asserted against him individually.  He also never filed answers on behalf of his sisters.  Instead, Lagano claimed he appeared only in his representative capacity as substitute administrator on behalf of the Estate as its attorney and administrator.

 A-1316-22

At the parties' February 23, 2022 case management conference, petitioner and Lagano agreed Lagano would release the Estate's administration file, which had not yet been produced, to the trial court for in camera review by March 11, 2022, and then to petitioner's counsel. By the April 7, 2022 case management conference, Lagano had failed to provide the court or petitioner's counsel with the file. At this conference, the parties also discussed Lagano's deposition. Lagano was first noticed to appear for deposition on April 12, 2022. Lagano notified the trial court this date was the anniversary of decedent's death and "every year [he] go[es] to California to spread [decedent's] ashes." After the court allowed Lagano's deposition to be adjourned, petitioner's counsel requested April 21, 2022, to be set as the "permanent date" for Lagano's deposition.

At the April 20, 2022 case management conference, petitioner's counsel told the trial court he still had not received the file, which Lagano had promised to produce by April 11, 2022. Additionally, petitioner's counsel informed the court that on April 14, 2022, Lagano had produced "unresponsive [a]nswers to [i]nterrogatories, unresponsive documents to the document demands, and nothing at all, no portion whatsoever, of the [requested] file." At this conference, Lagano informed the court and petitioner's counsel he intended to

9

appear at his scheduled deposition remotely, but petitioner's counsel objected, stating "[w]hen the deposition notice was sent, it was sent for [petitioner's counsel's office]. He is to be [there] and he should bring with him all those documents . . . ." Lagano then, for the first time, informed the court he was "quarantined" because he "tested positive for COVID" after he returned from his trip to California.

The trial court stated he was "not going to order somebody who is claiming to be positive for COVID to come to [petitioner's counsel's] office" as it "would [not] be practical." At this conference, the parties agreed Lagano would be deposed at petitioner's counsel's office on April 28, 2022, and would provide the requested documents no later than April 21, 2022.

At a conference on May 10, 2022, after Lagano had again failed to appear at the third scheduled deposition date, Lagano was ordered to appear for a deposition on May 23, 2022. At this conference, Lagano informed the court he was now seeking counsel to represent him at his deposition and for the remainder of the matter.

On June 8, 2022, petitioner's counsel informed the court Lagano had sent a letter stating he would not appear at the court-ordered May 23, 2022 deposition. At this conference, petitioner requested the court set another court-

ordered date for Lagano's deposition and, alternatively, asked the court to strike Lagano's answer. Lagano requested he be deposed at his counsel's office on June 24, 2022. The trial court informed the parties it would "enter an order compelling a deposition on [June 24, 2022] at [petitioner's counsel's] office," and noted "if there is non-compliance or no appearance, then . . . [Lagano's] responsive pleadings will be stricken, and judgment will be entered . . . after a proof hearing." The court entered the written order to that effect on June 9, 2022.

On the day of the court-ordered deposition, Lagano arrived at the office of petitioner's counsel. Lagano claims he was not made aware petitioner would be present at his deposition and he "felt threatened by [p]etitioner's presence" because "[d]ecedent had testified against [p]etitioner and his close associates in a criminal matter."

He contends, in addition to feeling threatened, he "was feeling ill" and was concerned "he could pass the [COVID-19] virus to others" as he had been "exposed" again prior to his deposition. He did not claim he had tested positive for COVID. Because he felt as though he was under "considerable duress," Lagano refused to be deposed on June 24, 2022.

11

On June 30, 2022, petitioner filed a motion to enter judgment against Lagano, Anne, and Corinne. Petitioner's notice of motion stated he was seeking "an order striking the [a]nswer and [a]ffirmative [d]efenses of [Lagano] . . . rendering a judgment by default," and requesting "based upon the default previously entered on February 9, 2022 [against Lagano and his sisters individually] . . . an [o]rder rendering judgment by default against" Lagano and his sisters. Lagano filed opposition to the motion and requested leave to file a cross-motion for a protective order.

On August 31, 2022, the trial court held oral argument to determine the consequences of Lagano's continued noncompliance with the court's June 9, 2022 order, and petitioner's motion to enter judgment. Lagano requested the court accommodate him with either the opportunity to appear remotely for his deposition, have petitioner's attendance be remote, change the deposition's location, or hold it at the office of petitioner's counsel but with "the presence of security." The trial court denied Lagano's requests.

On November 1, 2022, the trial court held a proof hearing. Lagano attended and was represented by counsel. Petitioner testified and was cross-examined by Lagano's counsel.

12

On November 18, 2022, the trial court entered judgment in favor of petitioner on Counts I to V against the Estate and Lagano as the Estate's substitute administrator in the sum of $187,500; in favor of petitioner on Count VI against Lagano individually and as substitute administrator of the Estate, and against Corrine and Anne individually for $187,500. The court also ordered petitioner's request for pre-judgment interest, attorneys fees and costs would be decided upon post-judgment application.

On January 3, 2023, Lagano filed a notice of appeal. On January 10, 2023, petitioner filed a motion to amend the November 18, 2022 judgment to include petitioner's attorneys' fees, costs, and interest. On February 2, 2023, the trial court heard oral argument on petitioner's motion. On March 10, 2023, the trial court granted petitioner's motion for attorneys' fees, costs, and interest, but denied pre-judgment interest.

On April 21, 2023, Lagano filed an amended notice of appeal to include the March 10, 2023 order. On August 1, 2023, the trial court granted petitioner's motion to enforce litigant's rights after it found Lagano failed without good cause to provide the responsive answers and documents which were required by an April 10, 2023 information subpoena. The court ordered Lagano individually to post a supersedeas bond of $274,659.89, and interest, costs, and included

attorneys' fees in favor of petitioner. The August 1, 2023 order further stated if Lagano failed to post the supersedeas bond, petitioner would be granted leave to request that the Appellate Division dismiss Lagano's appeal. However, if Lagano provided the court with complete and responsive answers and documents by August 11, 2023, the order permitted Lagano to file a motion to vacate the portion of the order directing he post the supersedeas bond.

On August 2, 2023, Lagano filed a second amended notice of appeal to include the August 1, 2023 order.

On August 29, 2023, petitioner filed a motion to dismiss Lagano's appeal due to his failure to post a supersedeas bond. Lagano opposed the motion. On October 12, 2023, we dismissed Lagano's appeal without prejudice subject to his compliance with Rule 2:9-6. After Lagano posted the supersedeas bond in the amount of $274,659.89, he filed a motion to reinstate this appeal, which was granted on December 2, 2024.

II.

A.   The November 18, 2022 Order Striking Lagano's Pleadings.

We begin our analysis with the well-established law stating a trial court's decision on a discovery matter is "entitled to substantial deference and will not be overturned absent an abuse of discretion." DiFiore v. Pezic, 254 N.J. 212,

14

228 (2023) (quoting State v. Stein, 225 N.J. 582, 593 (2016)).  More specifically, our review of "a trial court's exercise of discretion pursuant to R[ule] 4:23-2(b) is 'whether the court abused its discretion, a standard that cautions appellate courts not to interfere unless it appears that an injustice has been done.'" Kolczycki v. City of East Orange, 317 N.J. Super. 505, 512 (App. Div. 1999) (quoting Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995)).

We recognize "[d]iscovery rules are designed 'to further the public policies of expeditious handling of cases, avoiding stale evidence, and providing uniformity, predictability and security in the conduct of litigation.'"  Abtrax, 139 N.J. at 512 (quoting Zaccardi v. Becker, 88 N.J. 245, 252 (1982)).  "If the discovery rules are to be effective, courts must be prepared to impose appropriate sanctions for violations of the rules."  Ibid.  Therefore, "[a] trial court has inherent discretionary power to impose sanctions for failure to make discovery, subject only to the requirement that they be just and reasonable in the circumstances."  Id. at 513 (quoting Calabrese v. Trenton State Coll., 162 N.J. Super. 145, 151-52 (App. Div. 1978), aff'd, 82 N.J. 321 (1980)).

Rule 4:23-4 provides sanctions for a party's failure to be deposed, and permits a court, pursuant to Rule 4:23-2(b)(3), to strike pleadings or "render[] a judgment by default."

Here, the trial court issued two separate orders requiring Lagano to appear for a deposition. First, on May 10, 2022, the trial court issued a letter order which stated Lagano "is ordered to appear for a full day deposition . . . on May 23, 2022[,] at the law offices of [petitioner's counsel] . . . . This is a court[-]ordered deposition. There will be no adjournments granted." The trial court ordered Lagano to appear for a deposition again in its June 9, 2022 letter order, which stated: "[t]his is a court[-]ordered deposition. There will be no adjournments granted. If [Lagano] does not appear, his pleadings will be stricken and judgment will be entered against him." Lagano failed to participate in either court-ordered deposition.

On August 31, 2022, the trial court granted petitioner's motion to strike Lagano's pleadings and enter default. The trial court found:

> So it didn't work for the order entered on May 10. [Lagano] was ordered to appear for a full-day deposition beginning at 10:00 a.m. on May 23rd. This [was] a court-ordered deposition. There [would] be no adjournments granted. That didn't mean anything to [Lagano]. He didn't comply with that. [Petitioner's counsel] was not happy. He asked for sanctions, fees, other relief.
>
> And, again, the [c]ourt took the position for various reasons given. At one point he was going to California. There was some sort of ceremony or date related to his father. We heard all sorts of excuses. And I guess I bought into it to a certain degree and I said,

16

you know what, we're going to give you one more chance. And on that occasion—and, again, I ordered a dep, and then he wrote the letter . . . that began to delay it.

So, on June 9th, again I entered an order. . . .

. . . .

But this has been going on for a long time. For months. So the [c]ourt has to enforce its orders. So, under [Rule]4:23-2(b), as was stated, if a party fails to obey an order to provide or permit discovery, then the [c]ourt in the action that's pending may make such orders in regard to the failure that are just. . . .

And there's no doubt that the ultimate sanction of whether it's dismissal or entering a judgment and the trial judge's exercise of authority to do so where the plaintiff's failure to comply with a court order was egregious and longstanding, willful and deliberate.

. . . .

So the [c]ourt has to enforce its own orders. I find the situation became egregious. It's just willful noncompliance in the willingness to be deposed. This matter has now been pending for more than a year and a half on whether this money was a loan or it's not. And, again, the checks are presented. They appear to be negotiated. It's on the estate tax return. If there's defenses raised and things done, it should be handled in the normal course of any other case, not to try to do everything possible to delay it. It's just, you know, not understandable to the [c]ourt.

17

The trial court informed the parties that the proof hearing would proceed on November 1, 2022. At an October 24, 2022 case management conference, the court elaborated:

> So, you know, again, this [c]ourt bent over backwards over strenuous objections.
>
> You know, somebody is ill, or somebody—then there was an anniversary of his father's death, he went out to California.
>
> There was always some reason, and we always tried to accommodate. And I know it was a sensitive issue and it was emotional.
>
> And I think [Lagano] finally made a decision to . . . [retain] counsel. But he only did that when, you know, he was ordered once again to attend the deposition, and he still didn't do it.
>
> And now he is saying he has anxiety attacks . . . towards [petitioner].
>
> . . . [T]hese are all things that are coming out of his unwillingness to be deposed.
>
> But [petitioner's counsel] is right, this has been said repeatedly. So what does the [c]ourt do? Let's just—enough is enough.
>
> I mean, I always—I don't preclude things and dismiss things. . . .
>
> I . . . can't ever remember sanctioning an attorney or holding somebody in contempt. It has never been the way I operate.

. . . .

> I have been on it, like I said, for a year and a half. And I think at this point, you know, it was a loan. I think there [were] two different times monies were put forward or expended.

> But it is a straightforward case, and when you look at the history of this, it is just mind boggling. And, you know, it has got to come to an end.

Striking Lagano's answer and entering default was a "just and reasonable" sanction as he had failed to appear for numerous, separately-noticed depositions, two of which were court-ordered. See Johnson v. Johnson, 92 N.J. Super. 457, 461, 464-65 (App. Div. 1966) (concluding the trial court's order striking the defendant's answer, allowing the defendant only to cross-examine the plaintiff's witnesses, and entering judgment by default against the defendant was proper because he failed to appear for his deposition).

We are unpersuaded by Lagano's contention that he should have been given more opportunities to appear for deposition, as his claims he was "ready, willing, and able to be deposed" are belied by the record before us. Lagano's long history of non-compliance with court rules and orders, beginning with willfully choosing not to answer the complaint on behalf of himself individually, instead of asserting the defenses he now attempts to belatedly raise, delays in

producing the Estate's file as ordered by the court, continually evading his court-ordered deposition, and failing to respond to discovery in a fulsome manner justifies the rare sanction imposed by the trial court in this case.

Lagano's arguments with respect to his sisters fail for procedural reasons as well. He did not enter an appearance nor answer the complaint on his sisters' behalf. Thus, his sisters defaulted and Lagano lacks standing to assert any arguments on appeal on behalf of his sisters in their individual capacity.

To be sure, where a party has defaulted, a court must nevertheless hold a proof hearing, and a petitioner must establish his claims. R. 4:43-2(b); see also Chakravarti v. Pegasus Consulting Grp., 393 N.J. Super. 203, 210 (App. Div. 2007) ("[J]udgment should not ordinarily be entered without a proof hearing, although the question of what proofs are necessary is inherently within the judge's discretion." (citations omitted)).

When a trial court holds a proof hearing pursuant to Rule 4:43-2(b), we defer to the trial court's factual findings and legal conclusions. See Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 302 (App. Div. 2021); Chakravarti, 393 N.J. Super. at 210 (holding "the question of what proofs are necessary" to establish the plaintiff's claim "is inherently within the judge's discretion").

At the November 1, 2022 proof hearing, petitioner testified, and the trial court found him credible. During petitioner's testimony, Lagano's counsel objected to a portion of petitioner's testimony and documents submitted into evidence. He argued the evidence was barred by the Dead Man's Act, see N.J.S.A. 2A:81-2. In his closing argument, he stated there was "no evidence that [the loan was] within the statute of limitations or the statute of frauds."

The trial court found the first check was "written and negotiated," "there was an assignment in August [2018] [of the second check] to [petitioner]," and the loan was not from a business to decedent, but was a personal loan as "these were individuals who knew each other." The court also noted "[w]e heard testimony about this dinner in New York [in April 2014 between petitioner and Lagano] where, again, [petitioner] indicates that not only was [Lagano] willing to pay it, but also with the profit, he didn't want that." The court found it was "convinced certainly by a preponderance of the evidence, or really any standard, that these monies were given to a friend to buy stocks." Further, the trial court added:

> [T]o this [c]ourt it is evidential the fact that this debt had at that point in the proceedings, was acknowledged, and the proofs lead this [c]ourt or any competent fact finder to conclude that the debt was owed.

21

And I don't find that based on the sequence of events—and the record will speak for itself—and again [petitioner's counsel] cited [N.J.S.A. 2A:14-1]. This was a personal loan with a six-year statute of limitations, and I don't think the statute of frauds would bar a recovery here.

But for the purposes of this proof hearing, I think the proof, you know, was overwhelming that the debt was owed.

These are monies that were lent and there is evidence that even after his death it was discussed and was going to be repaid.

The trial court entered judgment against Lagano after the proof hearing and we conclude it acted within its discretion.

On appeal, Lagano attempts to assert substantive issues and defenses he was precluded from raising before the trial court because default was entered against him for his failure to appear at his court-ordered deposition. On appeal, Lagano argues he has "meritorious defenses to this action." Lagano cannot now raise these substantive claims before us, as they were not allowed to be argued before the trial court. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (concluding we will not consider issues not raised before the trial court unless they concern jurisdiction or implicate a great public interest.).

B.    The March 10, 2023 order awarding attorneys' fees.

Finally, Lagano also challenges the award of attorneys' fees. First, he claims the trial court lacked jurisdiction to award fees as the matter was already on appeal. Pursuant to Rule 2:9-1(a), once a party has filed an appeal, the trial court no longer has jurisdiction over the proceeding unless specific exceptions apply. See id. ("The supervision and control of the proceedings on appeal or certification shall be in the appellate court from the time the appeal is taken or the notice of petition for certification filed . . . .")

"To be considered final and appealable as of right, a judgment must resolve all issues as to all parties." N.J. Mfrs. Ins. Co. v. Prestige Health Grp., 406 N.J. Super. 354, 358 (App. Div. 2009). "An order is interlocutory, and not final, if it does not dispose of counsel fees issues." Ibid. "However, if an appeal is improvidently filed before resolution of such issue, the party seeking fees should move before [the Appellate Division] for a limited remand, or for dismissal of the appeal as interlocutory." Ibid.

Here, the trial court's November 18, 2022 order stated: "ORDERED that the [petitioner's] request for pre-judgment interest, attorneys fees and costs shall be decided by the [c]ourt upon post-judgment application." Although the trial court's oral opinion and order stated it would consider petitioner's application for counsel fees after the proof hearing, Lagano filed his first notice of appeal

on January 3, 2023, before petitioner filed its application and before the trial court decided it. Petitioner filed his motion seeking counsel fees, interest, and costs on January 10, 2023. Because petitioner's motion for fees and costs was pending in the trial court when Lagano filed his notice of appeal, the order was not final, and Lagano did not have a right to appeal without seeking leave from us. See R. 2:2-3(a)(1); R. 2:2-4. The court rules are designed and applied to serve, not thwart, a just and efficient resolution of disputes. See R. 1:1-2(a).

In fact, after Lagano filed his initial notice of appeal, our Clerk issued a January 10, 2023 letter to his counsel informing him the "review of the notice of appeal and case information statement(s) in [this] matter has caused [the Appellate Division] to question whether the determination being appealed is final." The letter specifically referenced the outstanding award of attorneys' fees. Both parties submitted responses regarding the finality of the appeal. In the interim, the trial court heard oral argument on petitioner's application for counsel fees, costs, and prejudgment interest on February 2, 2023, and granted petitioner's request for attorneys' fees and costs but denied his request for prejudgment interest. On April 21, 2023, Lagano submitted an amended notice of appeal to include the trial court's order granting petitioner's counsel fees and costs.

Because Lagano's initial appeal was interlocutory without seeking the appropriate leave, see R. 2:2-3(a), and because he amended his notice of appeal to include the trial court's order regarding counsel fees and costs, the trial court did not err in deciding petitioner's application and the matter is now properly before us for substantive review. See McGory v. SLS Landscaping, 463 N.J. Super. 437, 456 n.9 (App. Div. 2020) ("Although the filing of a notice of appeal generally deprives a trial court or administrative agency of jurisdiction, R. 2:9-1(a), that is not the case where a notice of appeal is improvidently taken from an interlocutory order.").

Lagano also contends, even if the court had jurisdiction to award fees, the court lacked any substantive basis to award fees and the fees are excessive. The March 10, 2023 order was entered "jointly and severally" against "defendants" for $82,492.50 and costs of $4,667.39 for a total of $87,159.89. The trial court awarded fees in an oral ruling by referring generally to Rule 4:42-9 based upon Lagano's misappropriation of funds of the estate, his breach of his fiduciary duty to the Estate, and his bad faith. In so ruling, the trial court stated:

> [b]ut the amount owed . . . when you look at the path it had to take, and the road it had to go, to collect on this debt, is, is just mind boggling.
>
> . . . It cost you $82,000 dollars to collect this debt, we went to Federal Court three times . . . you can

imag[ine] on these probate cases we went in and out of Federal Court?

The court found counsel's fee application was reasonable, found "delay in litigation," "obstruction of discovery," "refusal to be deposed," and "roadblocks along the way that perhaps continue to this day."

Rule 4:42-9(a)(3) sets forth the instances where fee shifting is allowed in a probate action. We disagree with Lagano's contention that Rule 4:42-9 does not apply because this was a collection action. The complaint was filed in the Probate Part against the Estate, Lagano as its substitute administrator, and the beneficiaries for two loans owed by the decedent. Count VI was filed individually against Lagano, presumably as the attorney for the Estate.

Our Supreme Court has explained the limited instances, "not otherwise reflected in the text of Rule 4:42-9,"where attorney's fees may be awarded. See In re Est. of Vayda, 184 N.J. 115, 121-23 (2005). Initially, fees were allowed in attorney-malpractice cases as consequential damages for the underlying malpractice. See Saffer v. Willoughby, 143 N.J. 256, 271 (1996). That rule was later extended to cases of intentional attorney misconduct, see Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 443 (2001), and attorney breach of fiduciary duty, see In re Est. of Lash, 169 N.J. 20, 34 (2001). Finally, the Supreme Court has held attorneys' fees are recoverable by the estate in cases of

undue influence by the executor or administrator.  See In re Niles, 176 N.J. 282, 298-99 (2003).

Here, the trial court did not make findings and conclusions with respect to whether the attorneys' fees were to be paid out of the Estate or individually by Lagano.  It also did not distinguish between the portion of the fees expended to pursue the claim against the Estate from the fees incurred as a result of Lagano's personal obstreperous conduct.  Although we review a trial court's decision granting or denying a fee application with the understanding it "will be disturbed only on the rarest occasions, and then only because of a clear abuse of discretion."  In re A.D., 259 N.J. 337, 351 (2024) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)), we are constrained to vacate the March 10, 2023 order awarding attorneys' fees, costs and interest, and remand for a detailed analysis as to whether petitioner is entitled to attorneys' fees and costs.  We take no substantive position regarding the outcome of that determination.

Affirmed in part, vacated in part, and remanded in accordance with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1316-22